UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDWARD MELBER
91 Ashford Avenue
Tonawanda, NY 14150

                          Plaintiff,

v.                                                    **COMPLAINT**
                                                      Index No.: 21-CV-1079

THERMO FISHER SCIENTIFIC
44 South Broadway, 14th Floor
White Plains, NY 10601

                          Defendant.

---

Plaintiff, Edward Melber, by and through his attorney, Frank M. Bogulski, Esq., as for his Complaint against the Defendant, above-named, alleges upon information and belief:

1.  At all times herein relevant, Plaintiff Edward Melber was and still is a resident of the County of Erie, State of New York.

2.  On January 10, 2010, Plaintiff was hired to an Engineer II position at Life Technologies, Inc located in Grand Island, New York.

3.  Plaintiff conducted his work up with Life Technologies without a single negative comment, review, or any disciplinary action.

4.  On or about March of 2012, Plaintiff was recognized for his hard work and competency resulting in a promotion to the position of Engineer III.

5.  On February 3, 2014, Thermo Fisher Scientific, Inc. completed an acquisition of Life Technologies and the facility at which the Plaintiff was working.

6.  On or about July 2015, Plaintiff was given a merit bonus by his employer for competently and effectively completing his duties.

7.  In 2016, Defendant appointed a new manager to oversee the Plaintiff, Paul Clark.

8.  Beginning in August of 2016, Plaintiff's new manager began to give Plaintiff his first ever negative assessments for the quality of his work in Defendant's employee review documents, the Performance Improvement Plan.

1

9.     On August 24, 2016, Plaintiff's new manager sent Defendant an email requesting that he perform product testing that he was untrained to do, in violation of FDA regulations. In the email, the new manager referenced being unable to wait until October 17, 2016 for the testing's completion.

10.    Plaintiff did not perform the requested testing because it violated FDA regulations.

11.    On October 7, 2016, Plaintiff received his second and final negative assessment from his new manager in the Performance Improvement Plan immediately following the most recent review in August.

12.    On October 20, 2016, Plaintiff was fired as a consequence of his negative assessment and his income and benefits were immediately suspended.

13.    On October 28, 2016, Plaintiff discovered from an email conversation with a former co-worker that she was now being similarly pressured to sign off on testing documents that she was untrained for in violation of FDA regulations.

14.    Following Plaintiff's termination, he began to look for reasons other than what he had been provided that would explain why he had been terminated despite a consistent level of high performance.

15.    Plaintiff continued to stay in contact with his former co-workers and was unsettled to find that following his departure, a large number of other employees between the ages of 40 to 70 years old were being either terminated or assigned asymmetrically high workloads until they quit.

16.    Four employees in particular were fired in February of 2017, all over the age of 49. Based on discussions with former co-workers, Plaintiff was informed that Defendant's new practice of firing older workers was not limited just to his former facility in Grand Island, but being pursued across the Defendant company.

17.    On June 1, 2017, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission on the belief that he and others working for the Defendant may have been wrongfully terminated on the basis of their age.

18.    The Equal Employment Opportunity Commission conducted its own three and a half year investigation into the Defendant Employer and concluded on July 29, 2021 that there was reasonable cause to determine that the Defendant discriminated against the Plaintiff and other employees on the basis of their age.

19.    Statistical analysis conducted by the Equal Employment Opportunity Commision demonstrated a clear pattern of dramatically reduced hirings of workers older than forty years of age following the acquisition of Life Technologies by the Defendant and an increased rate of firing older workers.

20.     Following his wrongful termination, Plaintiff was forced to find a new job as a teacher that paid markedly less than his former positions income and benefits. When extrapolated to his target retirement age, it can be readily concluded that the Plaintiff suffered severe monetary damages, and continues to suffer severe monetary damages as a result of the Defendant's discrimination.

## AS FOR THE FIRST CAUSE OF ACTION:
## UNLAWFUL TERMINATION ON THE BASIS OF AGE DISCRIMINATION IN VIOLATION OF THE EMPLOYMENT ACT OF 1967

21.     Plaintiff incorporates herein by reference hereto the allegations of paragraphs "1" through "21" as above as if more set forth herein.

22.     Defendant fired Plaintiff on October 20, 2016, without legitimate justification and in a manner and fashion consistent with a documented practice of firing older workers at the company.

23.     Defendant's firing of the Plaintiff was consistent with this practice and rooted in a clear desire to discriminate against him in violation of the Employment Act of 1967.

24.     Defendants' firing of the Plaintiff amounted to an illegal termination on the basis of age discriminatin in violation of the Emplyment Act of 1967.

25.     Because of Defendant's discriminatory firing of the Plaintiff without cause, and despite Plaintiff's best efforts, Plaintiff was forced to find a job that pays significantly less and provides lesser benefits.

26.     As a result, Plaintidf has suffered significant monetary damages to his expected income and savings that he was planning to use for his retirement.

27.     Accordingly, the Plaintiff demands judgment against the Defendant on its first cause of action for an amount in excess of the jurisdiction of all lower courts and such other, further and different relief as this Court may find just, proper, and equitable, together with the costs and disbursements of this action

## AS FOR THE SECOND CAUSE OF ACTION:
## UNLAWFUL RETALIATORY TERMINATION UNDER NEW YORK LABOR LAW § 740(2)(c)

28.     Plaintiff incorporates herein by reference hereto the allegations of paragraphs "1" through "21" as above as if more set forth herein.

29.     Prior to Defendant's firing of the Plaintiff, on August 24, 2016, Defendant attempted to pressure the Plaintiff to perform testing he wasn't trained to perform in violation of FDA regulations.

3

30.     Plaintiff refused to perform and sign off on product testing that he was untrained for that was in violation of FDA regulations despite the insistence of his manager.

31.     Defendant fired Plaintiff on October 20, 2016.

32.     On October 28, 2016 Plaintiff discovered from an email conversation with a former co-worker that she was now being similarly pressured to sign off on testing documents that she was untrained for in violation of FDA regulations.

33.     Under New York Labor Law § 740(2)(c), it is illegal for an employer to take retaliatory action against an employee for objecting, or refusing to particpate in the violation of a law, rule, or regulation by said employer.

34.     As a result of this unlawful termination, Plaintiff has suffered significant monetary damages in the form of lost wages and benefits.

35.     Accordingly, the Plaintiff demands judgment against the Defendant on its second cause of action for an amount in excess of the jurisdiction of all lower courts and such other, further and different relief as this Court may find just, proper, and equitable, together with the costs and disbursements of this action.


    WHEREFORE, Plaintiff demands judgment against the Defendant for damages sustained. Plaintiff further demands such other, further and different relief as to the Court may seem just, proper, together with the costs and disbursements of this action.

Dated: October 1, 2021
        Buffalo, NY

_____
                        Frank M. Bogulski, Esq.
                        Attorney for Plaintiff
                        *Edward Melber*
                        286 Delaware Avenue, Suite B
                        Buffalo, NY 14202
                        (716) 649-0090

4