UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**EDWARD MELBER,**

                            **Plaintiff**

v.                                                                                21-CV-1079S(Sr)

**THERMO FISHER SCIENTIFIC,**

                            **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This matter has been referred to the undersigned by the Hon. John L. Sinatra, in accordance with 28 U.S.C. § 636(b), for hearing and disposition of all dispositive and non-dispositive motions. Dkt. #10.

Plaintiff commenced employment as an Engineer II at Life Technologies on January 10, 2010. Dkt. #1, ¶ 2. On February 3, 2014, defendant Thermo Fisher Scientific completed its acquisition of Life Technologies. Dkt. #1, ¶ 5. In 2016, defendant appointed a new manager to supervise plaintiff. Dkt. #1, ¶ 7. Beginning in August of 2016, plaintiff's new manager subjected plaintiff to a performance improvement plan. Dkt. #1, ¶ 8. On August 24, 2016, plaintiff's new manager directed plaintiff to perform product testing that plaintiff was not trained to do. Dkt. #1, ¶ 9, Plaintiff did not perform the testing because it would violate FDA regulations. Dkt. #1, ¶ 10. On October 7, 2016, plaintiff received a second negative assessment from his new manager and was terminated on October 20, 2016. Dkt. #1, ¶¶ 11 & 12. Plaintiff subsequently discovered that a large number of employees who were, like plaintiff, over the age of 40, had been terminated by defendant following the acquisition. Dkt. #1, ¶14-16.

Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"), on June 1, 2017 claiming wrongful termination on the basis of age. Dkt. #1, ¶17.  The EEOC issued a Notice of Right to Sue ("Notice"), dated July 29, 2021, indicating that it found reasonable cause to believe that statutory violations had occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with defendant that would provide relief to plaintiff. Dkt. #8-2. Plaintiff commenced this action pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*., and New York Labor Law § 740(2)(c), on October 1, 2021. Dkt. #1.

Currently before the Court is defendant's motion to dismiss the Labor Law claim as untimely. Dkt. #7.

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In the context of employment discrimination, the complaint need not contain specific facts to establish a *prima facie* case of discrimination, but must allege enough facts to state a

claim to relief that is plausible on its face. *Allessi*, 16 F. Supp.3d at 226-27. "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Connecticut Gen. Life Ins. Co. v. BioHealth Labs., Inc*., 988 F.3d 127, 131-32 (2d Cir. 2021) (internal quotations omitted).

New York's whistleblower statute prohibits an employer from taking any retaliatory personnel action against an employee because such employee objects to, or refuses to participate in an activity, policy or practice of the employer that is in violation of law, rule or regulation which creates and presents a substantial and specific danger to the public health or safety. N.Y. Labor Law § 740 (2)(c). Retaliatory personnel action is defined as discharge, suspension or demotion of an employee, or other adverse employment action taken against an employee in the terms and conditions of employment. N.Y. Labor Law § 740(1)(e). An employee who has been subjected to a retaliatory personnel action may commence a civil action for relief "within one year after the alleged retaliatory personnel action was taken." N.Y. Labor Law § 740(4)(a). Plaintiff's complaint, which was filed on October 1, 2021, clearly alleges that the prohibited retaliatory personnel action, *to wit,* termination, occurred on October 20, 2016. Dkt. #1, ¶ 31.

Plaintiff responds that the statute of limitations should not begin to run until he received his Notice from the EEOC . Dkt. #12, p.3. More specifically, plaintiff argues that the statute of limitations on the whistleblower claim should not begin to run

until he could truthfully allege that his employer retaliated against him for objecting or refusing to take part in a violation of state law. Dkt. #12, p.4. In support of this argument, plaintiff cites to *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993). In *Kronos*, the Court of Appeals was asked to determine whether a cause of action for inducement of breach of contract accrued when the contract was breached or when plaintiff first suffered actual damages as a result of defendant's tortious conduct. *Id.* at 92. Noting the fundamental differences between tort and contract principles, the Court of Appeals held that because the tort claim was not enforceable until damages were sustained, the statute of limitations would not begin to run at the time of the defendant's breach of the contract, but would only accrue when plaintiff could truthfully allege that the breach of the contract resulted in damages to plaintiff. *Id.* at 94-95 ("Since damage is an essential element of the tort, the claim is not enforceable until damages are sustained.").

In contrast to *Kronos*, plaintiff's damages began to accrue at the same time as the retaliatory personnel action prohibited by New York's whistleblower statute, *to wit*, upon his termination on October 20, 2016. Moreover, contrary to plaintiff's argument, the EEOC's finding of reasonable cause to believe defendant terminated plaintiff due to his age has no bearing upon his claim that defendant terminated him in retaliation for his refusal to violate FDA regulations by performing product testing that he had not been trained to perform. In any event, the Court of Appeals for the Second Circuit has determined that the filing of an EEOC charge of discrimination does not toll the time for filing state tort claims, including those that arise out of the same nucleus of

facts alleged in the charge of discrimination. *Castagna v. Luceno*, 744 F.3d 254, 258 (2d Cir. 2014); *See also, Gray v. Shearson Lehamn Bros., Inc.*, 947 F. Supp. 132, 137 (S.D.N.Y. 1996) (statute of limitations for state whistleblower claim was not tolled while he waited for right to sue letter from New York State Division of Human Rights and EEOC). Plaintiff has not asserted any other basis for tolling or estopping the running of the statute of limitations. *See, e.g., Foley v. Bethlehem Steel Corp.*, 87-CV-1498, 1998 WL 34313090, at *11-12 (W.D.N.Y. Jan. 27, 1998) (A statute of limitations may be tolled under New York law when: (1) the commencement of an action has been stayed by court order or by statute; (2) a dispute that is ultimately determined to be nonarbitrable has been submitted to arbitration; (3) the defendant is outside New York when and after a claim accrues against him; and (4) the plaintiff is disabled by infancy or insanity when and after his claim accrues; equitable estoppel prevents a defendant from relying on a limitations defense when: (1) defendant conceals from plaintiff the fact that he has a cause of action or (2) defendant induces plaintiff to forgo suit on a claim of which he is aware until the limitation period expires).

## CONCLUSION

For the foregoing reasons, it is recommended that defendant's motion to dismiss plaintiff's second cause of action pursuant to New York Labor Law § 740(2)(c), (Dkt. #10), be granted.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of</u>

6

Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

        **SO ORDERED.**

DATED:    Buffalo, New York
               April 19, 2022

                                                     **s/ H. Kenneth Schroeder, Jr.**
                                                     **H. KENNETH SCHROEDER, JR.**
                                                     **United States Magistrate Judge**